77051. IN THE INTEREST OF S. B.
(373 SE2d 46)

McMURRAY, Presiding Judge.

The father of S. B. appeals from a juvenile court order terminating his parental rights in the child.

The juvenile court found the following facts to be established by clear and convincing evidence: The child's mother and father were not married. Several months prior to the child's birth the father pled guilty to a felony charge of theft by taking and was sentenced to five years in prison. The child was born on April 17, 1984. In November of 1984 the mother voluntarily surrendered her parental rights to the child to the Thomas County Department of Family and Children Services for the purpose of placing the child for adoption. The child remained in the custody of the Thomas County Department of Family and Children Services continuously through the date of the hearing in the case sub judice (November 19, 1987). The father did not see the child during the period the child was in the custody of said department. (There is evidence that the child might have visited his father in prison prior to the mother's surrender of her parental rights.) In July of 1985 a caseworker from the Thomas County Department of Family and Children Services visited the father in prison for the purpose of asking the father if he wanted to surrender his parental rights or, if not, then what plans were going to be made for the child's care. The caseworker suggested that the father take action to legitimate the child. The father also gave the caseworker the names of two of his relatives that he would want to be investigated as possible placements for the child. The father did contact "Legal Aid out of Valdosta" regarding the legitimation. There is some indication that the process was begun, but never completed. The father testified that after receiving a letter from an attorney stating that the case had been "continued," he had not heard anymore about it and had done nothing

else regarding the legitimation. The Thomas County Department of Family and Children Services investigated the two possible placements suggested by the father and found neither to be satisfactory.

From July of 1985 to October of 1986 the father did not make any attempt to contact the Thomas County Department of Family and Children Services regarding the child, did not attempt to communicate with the child in any way, and did not attempt to provide any support for the child. These circumstances continued after the father was paroled from prison in October of 1986 and returned to Thomasville, Georgia.

On December 18, 1986, the father did appear in the juvenile court at a hearing regarding temporary custody. The father was instructed to contact Jackson, a caseworker, regarding making plans for the child. This meeting never took place.

In November of 1986, less than 30 days after his release from prison, the father was arrested and charged with a theft offense. The father made bond and was released, but on January 1, 1987, was arrested again and charged with another theft offense. As a result of these two offenses the father's parole was revoked and he was returned to prison with a scheduled release of April 7, 1988.

The father has a lengthy criminal record, and has spent most of the past 11 years in prison. From the time of the child's birth until the termination hearing the father has been in prison the entire time, except November and December of 1986.

At the termination hearing the father stated that he wanted to provide for the child after his release from prison, but admitted that he could not do so on his own, that he would have to rely on relatives to help him care for the child. The father acknowledged that he had not seen the child in over three years, and that he would not recognize the child if he were brought into the room.

The father has six other children from three different mothers. The father has never married any of these women and the six other children are all receiving welfare benefits. The father admitted that he had never been able to support any of the children.

The juvenile court also received evidence from a licensed child psychologist that the child is reaching the age where he needs to know that he belongs to a family. The psychologist stated that the child needs a permanent home as soon as possible in order to avoid identity problems which can cause serious physical, mental or emotional harm to the child.

Based on its findings of fact, the juvenile court made a determination of parental misconduct based on its findings under each of the subsections of OCGA § 15-11-81 (b) (4) (A). After its determination of parental misconduct or inability, the juvenile court concluded that termination of the parental rights of the father is in the best interest

of the child. The juvenile court also concluded that the parental rights of the father should be terminated pursuant to OCGA § 15-11-83 (d) (5) (C) since the father's conduct was not sufficient to establish a familial bond with the child.

The father appeals the juvenile court order terminating his parental rights in the child. The sole enumeration of error raises the sufficiency of the evidence to support the termination of parental rights. *Held*:

"When the court below has made a determination to terminate parental rights, the appropriate standard of appellate review is ' "whether, after reviewing the evidence in the light most favorable to the appellee, any rational trier of fact could have found by clear and convincing evidence, that the natural parents' rights to custody have been lost." ' *Blackburn v. Blackburn*, 249 Ga. 689, 694 (292 SE2d 821); *In re K. H.*, 179 Ga. App. 4, 9 (345 SE2d 108)." *In the Interest of S. G. & T. G.*, 182 Ga. App. 95, 100, 101 (354 SE2d 640). After reviewing the record in the case sub judice, according to the standard stated, we find that the judgment in the case sub judice is sustained by clear and convincing evidence that this father's parental rights in his child, S. B., have been lost. *In the Interest of S. G. & T. G.*, 182 Ga. App. 95, supra; *In re G. M. N. & D. M. N.*, 183 Ga. App. 458 (359 SE2d 217); *In the Interest of J. L. Y.*, 184 Ga. App. 254, 255 (2), 257 (361 SE2d 246).

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 9, 1988.

*Stephen H. Andrews*, for appellant.
*Daniel M. Mitchell, Jr., Michael J. Bowers, Attorney General, Carol A. Cosgrove, Senior Assistant Attorney General*, for appellee.